## McGuire et al. v. Board of City Trusts

*James J. Gallagher* and *Martin V. McGuire*, for plaintiffs.

*George H. Kaercher*, for defendant.

PAUL, J., November 22, 1943.—Plaintiffs brought an action in trespass against defendant in the Court of Common Pleas of Schuylkill County. The Sheriff of Schuylkill County deputized the Sheriff of Philadelphia to make service. Defendant has taken a rule on

plaintiffs to show cause why the writ of summons in trespass issued in this case should not be quashed and why the service of the writ should not be set aside. Four reasons are assigned but only one need be considered, and that is that the courts of Philadelphia County alone have jurisdiction over defendant.

Under the Act of June 30, 1869, P. L. 1276, it was provided that the duties, rights, and powers of the City of Philadelphia, concerning all property dedicated to charitable uses or trusts, shall be discharged by the city through a board composed of 15 persons, including the mayor of the city, to be called directors of city trusts. The relationship of that Board of City Trusts is clearly discussed by the Supreme Court of Pennsylvania as follows:

"What is the relation of this Board to the government of the municipality under the Act? As stated by Judge Sharswood, in *Philadelphia v. Fox*, 64 Pa. 169, where the Act of 1869 first came up for consideration, it merely provided that one function of municipal government that had theretofore been exercised by the City generally, was removed and placed in a body of fifteen men, while the Mayor, Council and other officers continued to exercise all other governmental functions. Both groups are constituents of City government but they are independent of each other. Judge Sharswood there said, the directors are 'a board dissociated from the general government of the city.' It performs a part of the city's duties and as such, could be considered a part of the City government, but its functions are apart from the general governmental powers exercised by the City itself": Wilson v. Board of Directors of City Trusts et al., 324 Pa. 545 (554).

It is, therefore, evident that this board is a part of the municipal government of the City of Philadelphia.

"A public municipal corporation may only be sued in the courts of the county where it is situated": 13 Standard Pa. Practice 137.

And now, November 22, 1943, the rule to show cause is made absolute, the writ of summons in trespass is quashed, and the service of the writ is set aside.